IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUKE CLEARY,<br>    Plaintiff,<br><br>        v.<br><br>HERTZ RENT-A-CAR, et al.,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 13-1824 |

**Baylson, J.**                                                                                                            **July 29, 2013**

## MEMORANDUM AND ORDER RE MOTION TO DISMISS

In this action brought under the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), and other Pennsylvania state law claims, Plaintiff alleges that he rented an automobile from Defendant Hertz Rent-a-Car ("Hertz"), that the car was damaged while in his possession, and he was then contacted by Defendant Robert Chappel ("Chappel"), an employee of Defendant PurCo Fleet Services, Inc. ("PurCo"), who identified himself as a claims specialist for PurCo and said that he was contacting Plaintiff on behalf of Hertz because Hertz was out-sourcing accident claims. Plaintiff specifically alleges that Chappel was trying to collect a debt and, acting on behalf of PurCo, was a "debt collector" subject to the FDCPA.

According to Plaintiff's Complaint, both he and Hertz are citizens of Pennsylvania (PurCo and Chappel are citizens of Utah), and the Court's jurisdiction over this case is based on section 1692k(d) of the FDCPA and 28 U.S.C. §1367, the latter providing supplemental jurisdiction over his state law claims.

On June 12, 2013, Defendants PurCo and Chappel filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 15) (the "PurCo Motion"), in which they assert, as a matter of law and notwithstanding Plaintiff's allegations in his Complaint, that PurCo and Chappel are not subject to the FDCPA because they are not "debt collectors" as that term is

1

defined in the statute, principally because Plaintiff's alleged debt was not "in default" at the time that PurCo acquired the debt from Hertz and began requesting payment. PurCo and Chappel provided no exhibits or other attachments in support of their contention.

Defendant Hertz initially filed an answer to the complaint, and then filed its own Motion to Dismiss pursuant to Rule 12(b)(6) (ECF 20) (the "Hertz Motion"). Hertz also contends that it is not a "debt collector," and therefore, like PurCo and Chappel, cannot be liable for Plaintiff's FDCPA claims. Hertz attached documents to its motion.

Plaintiff also attached documents to his complaint.

Because a finding that Defendants are not "debt collectors" would likely result in:

1. Dismissal of Plaintiff's FDCPA claim,

2. The Court declining to exercise jurisdiction over Plaintiff's state law claims, and, therefore,

3. Dismissal of this case in its entirety,

the Court finds that it is essential to treat Defendants' status under the FDCPA as a threshold question. After reviewing the parties submissions, the Court has determined that the Rule 12(b)(6) motion is not an appropriate procedural device to resolve the factual and legal issues raised by this question, because limited discovery is necessary.

Although the Court initially scheduled oral argument on this question, the Court now believes that the better course is to allow a limited period of discovery, which would:

1. Include a deposition of Plaintiff to ascertain exactly what happened and when, according to his personal knowledge; and

2. Allow Plaintiff discovery – either by interrogatories, requests for documents, and/or up to two depositions per Defendant – regarding the disputed fact issues related to whether Defendants qualify as "debt collectors."

The Court acknowledges that Defendants cited several cases, but none of them is precedent for the specific factual scenario in this case. And application of the FDCPA's definition of "debt collector" – "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due . . . another," as well as "creditor[s] who, in the process of collecting his own debts, uses any name other than his own," 12 U.S.C. § 1692a(6) – raises fact questions almost by necessity. The same is true of the statute's enumerated exclusions from that definition – in particular, the issue of when a debt is in default, which several judges in the District have held should be determined on a "case by case basis." Alamo v. ABC Fin. Servs., Inc., Civil Action No. 09-5686, 2011 WL 221766, at *5 (E.D. Pa. Jan. 20, 2011) (Slomsky, J.) ("The FDCPA does not define the term 'default.' This omission apparently is a deliberate decision, leaving it to a court to decide what constitutes a default on a case-by-case basis." (citing Prince v. NCO Fin. Servs., Inc., 346 F. Supp. 2d 744, 747 (E.D. Pa. 2004) (Brody, J.))).

Although Defendants may eventually be proven correct, until the parties complete this threshold discovery, the Court cannot frame the question of Defendants' status under the FDCPA as a purely legal one. Plaintiff has stated a claim and, if the facts are as Plaintiff states, this could lead to a conclusion that one or more Defendants satisfy the FDCPA's definition of "debt collector."

Accordingly, it is hereby **ORDERD** that:

1. The PurCo Motion (ECF 15) is **DENIED** without prejudice;

2. The Hertz Motion (ECF 20) is **DENIED** without prejudice;

3. The Parties are immediately to commence discovery on the limited issues described above;

4. Discovery will be completed within ninety (90) days of this order.

   If the parties have any disputes about discovery either party should contact Deputy Clerk Joanne Bryson in Chambers to schedule a telephone conference;

5. The parties will then have fourteen (14) days from the completion of discovery to file appropriate motions.

   Responses to any motions are to be filed within fourteen (14) days.

The Court may hold oral argument after the parties complete their filings in response to this order.

**BY THE COURT:**

**Lawrence F. Stengel, for**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-1824  cleary v. hertz\13cv1824.memo.order.re Mots. to Dismiss.doc